

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Honorable Sam Lee,
County Attorney,
Brazoria County,
Angleton, Texas

Opinion No. V-290

Re: The liability of the
County to pay the ex-
penses of road bond
and local option
elections.

Dear Sir:

        We refer to your letter requesting an opinion
of this Department, and which is substantially as fol-
lows:

        On the 27th day of February, 1947, the
    Commissioners' Court ordered an election up-
    on a petition being filed and under the au-
    thority of any general or special law enacted
    pursuant to Section 52, Article III of the
    Constitution of the State of Texas.

        The election was duly held; the bond is-
    sue was defeated and the auditor of Brazoria
    County has been presented with a bill for the
    expenses of holding this election both as to
    the payment of election officials and for the
    payment of election supplies.

        Another election was duly ordered by the
    Commissioners' Court under the provisions of
    Chapter 16, general laws of the State of Tex-
    as, and the court ordered the election to be
    held and governed, though not by way of limi-
    tation, by Articles 752-a, 752-w, 767-b and
    767-a, V. C. S. The election was duly held
    and the bond issue was defeated.

        Both of said Road Districts lie wholly
    within Brazoria County but whose boundaries
    are not coextensive with those of said coun-
    ty.

        The Commissioners' Court has also called

an election under the local option election law to determine whether or not the sale of beer shall be legal in Justice of Peace Precinct No. 6 of Brazoria County, Texas.

1.  Is the County of Brazoria liable for the payment of the expenses incident to holding the above stated bond elections or any proportion thereof?

2.  If the County of Brazoria is not liable for the payment of the costs and expenses of holding the above stated bond elections, then who is liable for the payment of the election expenses?

3.  Is the County of Brazoria liable for the payment of the expenses of holding the local option election to determine whether or not the sale of beer in Justice Precinct shall be legal?

4.  If the County of Brazoria is not liable for the expenses of holding this local option election to determine the legality of the sale of beer in Precinct No. 6 then who is liable for the payment of these election expenses?

5.  Can the Commissioners' Court require the payment of a deposit upon the filing of the petition calling the above stated elections -- both bond elections and local option elections -- from the petitioners as in the water improvement elections under Article 7622B, Section 3, as amended.

6.  Would the opinion you have given in answer to the above stated questions have been different if the elections had carried instead of being defeated?

Article 2943, V. C. S., provides as follows:

"Judges and clerks of general and special elections shall be paid Five Dollars ($5.00) a day each, and Fifty Cents (50¢) per hour each for any time in excess of a day's work as herein defined.  The judge who delivers the returns of election immediately

after the votes have been counted shall be paid Two Dollars ($2.00) for that service; provided, also, he shall make returns of all election supplies not used when he makes return of the election. Ten (10) working hours shall be considered a day within the meaning of this Article. _The compensation of judges and clerks of general and special elections shall be paid by the County Treasurer of the county where such services are rendered upon order of the Commissioners._" (Emphasis ours)

Article 2996, V. C. S., is as follows:

"All expenses incurred in providing voting booths, stationery, official ballots, wooden or rubber stamps, tally sheets, polling lists, instruction cards, ballot boxes, envelopes, sealing wax and all other supplies required for conducting a general or special election shall be paid for by the county, except the cost of supplying booths for cities. All accounts for supplies furnished or services rendered shall first be approved by the commissioners court, except the accounts for voting booths for cities."

Both elections referred to in your letter are special elections.

It is stated in 9 RULING CASE LAW, p. 978 that "Any election which is not regularly held for the election of officers or for some other purpose which shall come before the electors at regular fixed intervals is a special election.

It is stated in 20 CORPUS JURIS, p. 56 that "A special election is one provided for by law under special circumstances. It is an election held to supply a vacancy in office before the expiration of the full term for which the incumbent was elected, or an election at which some question or proposition is submitted to the vote of the qualified electors, or an election for some particular emergency. . . ."

Road Districts are created by an election under authority of the Commissioners' Court and are under the exclusive supervision of the Commissioners' Courts

of their respective counties.  Article 2943, supra,
provides that the compensation of judges and clerks of
general and special elections shall be by the County
Treasurer of the county where such services are ren-
dered, upon order of the Commissioners' Court of such
county, and Article 2996, supra, provides that all ex-
penses in providing voting booths and all other supplies
required for conducting a general or special election
shall be paid by the county except the cost of sup-
plying booths for cities, upon being approved by county
auditors.

In view of the foregoing, it is the opinion
of this Department that the county is liable for the
payment of the expenses incident to holding the bond
elections under the related facts.  Articles 2943 and
2996, V. C. S.  Inasmuch as Question No. 1 is answered
in the affirmative an answer to Question No. 2 is un-
necessary.

Article 666-32, Penal Code, authorizes the
Commissioners' Court to order a local option election
to determine whether or not the sale of liquors shall
be prohibited or legalized in its county.  Pursuant to
this statute the Commissioners' Court of Brazoria Coun-
ty called such an election.

By virtue of the same being a special election,
and in view of all the foregoing statutes relative to
special elections, it is the further opinion of this
Department that Question No. 3 is also answered in the
affirmative.

Since Question No. 3 is answered in the affir-
mative, we shall omit answering Question No. 4.

In the absence of statutory authority provid-
ing for payment of a deposit upon the filing of the pe-
tition, the Commissioners' Court cannot require such a
deposit by the petitioners in bond and local option
elections.

By reason of the foregoing, it is the further
opinion of this Department that the county is liable
for the expenses in the holding of such elections, re-
gardless of the result of the election.

## SUMMARY

Brazoria County is liable for the expenses incurred in holding bond elections and a local option election within said county regardless of the result of the elections. (Art. 2943 and 2996, V.C.S.) In the absence of authority, the Commissioners' Court may not require a deposit from petitioners upon filing a petition for said elections.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

BA:wb:sh:mw

By

Bruce Allen
Assistant

APPROVED:

Price Daniel
ATTORNEY GENERAL